**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 95-5721

DARRIUS LAMONT WALKER,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 95-5743

ERNEST JUNIOR MASSEY, a/k/a 18,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Terrence W. Boyle, District Judge, sitting by designation.
(CR-95-5)

Submitted: June 28, 1996

Decided: July 12, 1996

Before LUTTIG and WILLIAMS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Mauricio Dominguez, Martin McCracken, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Darrius Lamont Walker and Ernest Junior Massey pled guilty to conspiracy to possess with intent to distribute and distribution of a quantity of cocaine and cocaine base within 1000 feet of a school or playground in violation of 21 U.S.C.A. § 846 (West Supp. 1996). Both Walker's and Massey's plea agreements contain provisions relating to assistance to the Government. The agreements provide that "the Government, in its sole discretion, shall determine" whether assistance by the Defendants was substantial. The agreements also provide, "[u]pon a determination that the defendant has rendered substantial assistance the government shall make a motion for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines or Federal Rule of Criminal Procedure 35 as appropriate."

The plea agreements also contain two waiver provisions. First, the agreements provide that "the Defendant knowingly and expressly waives the right to contest either the conviction or the sentence," provided that the sentence does not exceed the maximum guideline range, with the exception of allegations of ineffective assistance or prosecutorial misconduct. The second waiver provision applies to substantial assistance. It provides that "[a]ny determination by the United States that the defendant has failed to provide substantial assistance or has knowingly provided false information is within the

2

sole discretion of the United States, and the defendant waives all objections and rights of appeal based upon such a determination."

At both Walker's and Massey's sentencing hearing, the attorney for the Government said that she would not move for downward departure. The Defendants' counsel attempted to present evidence of the Defendants' assistance, but the district court judge refused to receive the evidence.

A waiver of appeal provision in a valid plea agreement is enforceable if it is the result of a knowing and intelligent decision to relinquish the right to appeal. United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3817 (U.S. May 15, 1995) (No. 94-1409); United States v. Wiggins, 905 F. 2d 51, 53 (4th Cir. 1990). The Defendants do not contend that their waivers were not knowing and intelligent.

This court has stated that a general waiver of appeal rights does not bar appeal of claims such as a sentence impermissibly based on race or in excess of the statutory maximum, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings following the guilty plea conducted in violation of the Sixth Amendment right to counsel. Attar, 38 F.3d at 732-33. We have held that such waivers do apply to bar appeals based on improper application of the sentencing guidelines or a violation of a procedural rule. Marin , 961 F.2d at 496. The Defendants do not claim that their sentences were based on race or any other impermissible factor. Consequently, the waivers are valid and enforceable.

Walker and Massey further contend that the district court's refusal to allow them to present evidence of their assistance to the Government and their right to a USSG § 5K1.1 motion is a post-plea violation of their constitutional due process rights. When post-plea proceedings are conducted in violation of the defendant's constitutional rights, the plea agreement cannot waive the right to challenge the sentence based upon those constitutional grounds. Marin, 961 F.2d at 496.

Section eighteen of the plea agreements clearly reserves to the Government the sole discretion to decide whether to file a motion for

3

a downward departure based upon substantial assistance. The Government did not breach the plea agreement by failing to move for a reduction because no enforceable obligation was created in the plea agreement. United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3266 (U.S. Oct. 4, 1994) (No. 94-5653). Because the decision to make the downward departure motion is within the sole discretion of the government, the decision is not reviewable unless the government based its decision upon an unconstitutional factor, such as race. See Wade v. United States, 504 U.S. 181, 185-87 (1992). There is no evidence that the Government's refusal to move for a departure was based on an unconstitutional motive, and the Defendants do not make such an allegation.

We therefore dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

4